```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION
```

JOHNNY L. WARD, JR.                                     PLAINTIFF

VS.                                     CIVIL ACTION NO. 4:05CV96LR

SEARS, ROEBUCK AND COMPANY                              DEFENDANT


### MEMORANDUM OPINION AND ORDER

This cause is before the court on motion of defendant Sears, Roebuck and Company for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff Johnny L. Ward, Jr., proceeding pro se, has not responded in opposition.  Having considered defendant's memoranda and the relevant authorities, the court concludes that defendant's motion should be granted.

On March 3, 2005, plaintiff filed this action against his former employer, Sears, alleging claims of defamation, breach of contract and wrongful termination.  Ward, who worked as a mechanic at the Sears store in Meridian, Mississippi, states in his complaint that he was discharged on March 5, 4004 "for allegedly pulling a gun on another employee."  He contends that this was not true, that defendant's statements regarding the alleged incident constituted libel and slander, and that he was wrongfully terminated without due process.

Defendant filed the instant motion for summary judgment arguing that plaintiff has not produced evidence that he had a contract of employment, that he has not pled any facts which would

suggest he is entitled to an exception to the employment-at-will doctrine, and that any statement made by defendant during the course of its investigation of the alleged incident are privileged.

A review of plaintiff's complaint and his deposition, which is attached to defendant's memorandum in support of the motion, confirm that Ward has not alleged, nor has he presented evidence, which would show that he had a contract of employment with defendant.  As such, his breach of contract claim is due to be dismissed.

In the absence of a contract of employment, under Mississippi's employment-at-will doctrine, Sears could terminate Ward at any time "for a good reason, a wrong reason, or no reason at all."  Senseney v. Mississippi Power Co., 914 So. 2d 1225, 1228 (Miss. 2005)(citing McCrory v. Wal-Mart Stores, Inc., 755 So. 2d 1141, 1142 (Miss. Ct. App. 1999)).  There are two exceptions to the employment-at-will doctrine.  The first exception, articulated in McArn v. Allied Bruce-Terminix Company, 626 So.2d 603, 607 (Miss. 1993), allows an employee fired for either refusing to follow the employer's directive to take part in illegal activity or for exposing illegal activity in the workplace to bring a suit for wrongful termination.  The second exception, articulated in Bobbitt v. The Orchard, Ltd., 603 So.2d 356, 357 (Miss. 1992), requires an employer to follow its own rules in disciplining or discharging employees for misconduct, provided such rules are set

forth in a manual which is published and disseminated to its employees.  As defendant points out, plaintiff has not alleged any facts which would implicate either exception to the employment-at-will doctrine, and therefore, summary judgment as to his wrongful discharge claim is in order.

As for plaintiff's defamation claim, under Mississippi law, "an employer enjoys 'a qualified privilege when commenting on personnel matters to those who have a legitimate and direct interest in the subject matter of the communication.'" Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1161 (5th Cir. 1994) (quoting Bulloch v. City of Pascagoula, 574 So. 2d 637, 642 (Miss. 1990)).  In his deposition, Ward testified that Lisa Henderson, a Sears employee assigned to investigate the firearm incident, interviewed him and asked numerous questions about the alleged incident.  Defendant submits, and the court agrees, that Henderson's questioning of Ward about the alleged firearm incident and any statements she made about the allegations are subject to qualified privilege.[1]

Based on the foregoing, the court concludes that defendant's motion should be granted.

---

[1] "Once it is determined that the occasion of an alleged defamatory statement is qualifiedly privileged, a presumption of good faith arises, which the person claiming to be defamed must rebut in order to recover."  Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1161 (5th Cir. 1994).

3

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this 7th day of March, 2006.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE